IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | * | Chapter 11 |
| RICHARD E. REEDER and | * | |
| DORIS J. REEDER, | * | Case No.: 1-05-bk-08565MDF |
| Debtors | * | |
| | * | |
| BURKHOLDER & COMPANY, | * | |
| Applicant | * | |
| | * | |
| v. | * | |
| | * | |
| KELLY BEAUDIN STAPLETON, | * | |
| UNITED STATES TRUSTEE, | * | |
| Objectant | * | |
| | * | |

## OPINION

### Procedural and Factual History

Before me is the Second Application for Approval of Fees ("Second Application") filed by Burkholder & Company ("Burkholder"), the court-appointed accountant for the estate of Richard and Doris Reeder ("Debtors") and the objection to the Second Application filed by the United States Trustee ("UST"). The Court entered an Order on December 16, 2005 approving the retention of Burkholder as Debtors' accountant. Burkholder filed its first fee application ("First Application") on March 24, 2006 seeking, *inter alia*, fees totaling $13,156.25 for the services of a "per diem" accountant who was not otherwise identified by name in the retention application. After a hearing held on June 5, 2006, I sustained the UST's objection to the "per diem" charges. Meanwhile, on June 1, 2006, Burkholder filed an amended fee application, deleting the fees to which the UST had objected in the First Application. No objections were

1

filed to the amended fee application, and an order was entered approving the First Application, as amended on June 19, 2006.

Burkholder filed a Second Application on September 18, 2006, which included a request for reimbursement of counsel fees and for compensation for time spent by its employees defending the First Application. On September 21, 2006, the UST filed an objection to the Second Application, arguing that the actions taken and the legal expenses incurred by Burkholder in defending the First Application were neither necessary to the administration of Debtors' case nor beneficial to the estate. Burkholder did not respond to the UST's objection.[1] A hearing was held on October 19, 2006, and the matter was taken under advisement.[2]

## Discussion

Under the Bankruptcy Code, a Debtor may employ and compensate professional persons such as accountants only with the approval of the bankruptcy court. 11 U.S.C. § 327. Court appointment entitles the professional person to apply for compensation as an administrative expense of the estate under 11 U.S.C. §§ 330 and 503. Such expenses are payable before other claims, such as the pre-petition claims of professional persons.

---

[1] Neither the Federal Rules of Bankruptcy Procedure nor the Local Rules require the filing of a response to an objection to a fee application, but a response is often helpful to establish the positions of the parties and outline the issues raised in the objection.

[2] I have jurisdiction to hear this matter pursuant to 28 U.S.C. §§157 and 1334. This matter is core pursuant to 28 U.S.C. §157(b)(2)(A), (B) and (O). This Opinion constitutes findings of fact and conclusions of law required to be made by Federal Rule of Bankruptcy Procedure ("FRBP") 7052, which is applicable to contested matters pursuant to FRBP 9014.

2

In its Objection to the Second Application, the UST states that the fees charged by Burkholder in the First Application for the "per diem" accountant were not for services provided by Burkholder but were for services performed by Debtors' pre-petition accountants, Musselman & Creager, LLP ("Creager").[3] The UST asserts that because the Court disallowed the services performed by Creager in the First Application, Debtor should not be authorized in the Second Application to reimburse Burkholder for attorneys fees incurred in connection with defending the First Application. The UST also alleges that Burkholder's request for compensation for the time spent by its employees defending the retention of Creager should not be allowed because it was an attempted "end run" around the requirements of § 327. For the reasons set forth below, the UST's objection will be sustained in part.

The statutory provisions regarding the compensation of professionals are found in 11 U.S.C. § 330(a). The relevant provisions of §330(a) provide as follows:

> (a)(1) After notice . . ., the court may award to . . . a professional person employed *under section 327* . . . –
>     (A) reasonable compensation for actual, necessary services rendered by the . . . professional person . . .; and
>     (B) reimbursement for actual, necessary expenses.
>
> \* \* \*
>
> (3) In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
> \* \* \*
>
> (C) whether the services were necessary to the administration of, *or beneficial at the time at which the service was rendered toward the completion of*, a case under this title;

---

[3]On September 1, 2006, Creager filed a proof of unsecured, pre-petition claim in the amount of $19,388.00.

3

Case 1:05-bk-08565-RNO    Doc 198    Filed 02/21/07    Entered 02/21/07 15:59:02    Desc
Main Document      Page 3 of 5

> \* \* \*
>
> > (6) Any compensation awarded for the preparation of a fee application shall be based on the level and skill reasonably required to prepare the application.

11 U.S.C. § 330(a)(1), (3) and(6) (italics added).

In the Second Application, Burkholder seeks as compensation for services rendered and expenses incurred the sum of $7,984.55. This amount includes fees in the amount of $2,445.00 payable to William Cramer ("Cramer"), who represented Burkholder in the defense of the First Application. Cramer was retained by Burkholder, not Debtors, to defend the First Application. Although fees incurred for the preparation and defense of a fee application may be allowed, *see In re Garcia*, 335 B.R. 717 (9th Cir. BAP 2005), these fees may be recovered only by a professional retained by a debtor and not by a professional retained by another professional without bankruptcy court approval. Further, even if allowable, Cramer's fees were not necessary or beneficial to the estate at the time they were rendered. It would not have been necessary for Burkholder to have incurred attorneys fees if Debtors and Burkholder had been more forthright about the accountants' perceived need to obtain Creager's work papers in order to complete the preparation of Debtors' tax returns.[4] Therefore, I find that Burkholder's request for reimbursement of fees attributable to the services rendered by Cramer must be disapproved.

---

[4] At the hearing on this matter, Burkholder indicated that it was compelled by circumstances to use Creager's services because the prepetition accountant claimed a retaining lien and refused to surrender work papers without payment of the claim. Had Burkholder or Debtors informed the Court of these circumstances in a timely and forthright manner, the Court may have been able to craft an equitable resolution of the case such that Burkholder may not have incurred the litigation expenses it now seeks to recover.

Disapproval of Cramer's fees reduces the amount allowable on the Second Application to $5,539.55 ($7,984.55 - $2,445.00). The UST also has challenged the compensation requested for the time Burkholder's employees spent addressing the UST's Objection to the First Application. The UST suggests that the time spent related to the First Application totals $2,375.00. I agree with the UST that much of the time spent related to defending the fee application should be disallowed because Burkholder and Debtor should have known that the fee sharing agreement with Creager was not authorized under the Banrkuptcy Code. Nevertheless, it would discourage professionals from accepting employment in bankruptcy cases if they were required to bear the total cost of defending their applications. I find that services billed attributable to defense of the First Application should be reduced by $1,000.00 to account for services that were unnecessary and not beneficial to the estate at the time they were rendered. Thus, the amount allowable to Burkholder as an administrative claim pursuant to the Second Application is $4,539.55 ($5,539.55 - $1,000.00).

Accordingly, an order will be entered sustaining the UST's objection to the Second Application, which will be approved in the reduced amount of $4,539.55.

By the Court,

Dated: February 21, 2007

Mary D. France
Bankruptcy Judge

*This document is electronically signed and filed on the same date.*